**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2277
_____

NAEM WALLER,
                            Appellant

v.

DAVID VARANO, SUPERINTENDENT COAL TOWNSHIP
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-10-cv-02029)
District Judge: Hon. Anita B. Brody
_____

Submitted Under Third Circuit LAR 34.1(a)
March 28, 2014
_____

Before: FUENTES and SHWARTZ, <u>Circuit Judges</u>, and ROSENTHAL, <u>District Judge</u>.[*]

(Opinion Filed: April 4, 2014)
_____

OPINION
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

Naem Waller seeks relief pursuant to 28 U.S.C. § 2254.  He alleges that his

attorney was ineffective for failing to prevent a Bruton[1] violation.  The District Court

rejected his challenge and denied his habeas petition because, pursuant to Crawford v.

Washington,[2] Bruton did not apply to the nontestimonial statements at issue here.  We

will affirm.

I

As we write principally for the benefit of the parties, we recite only the essential

facts and procedural history.  On the night of April 12, 2002, Waller, Devin Rouse, and a

third person approached several people sitting in a car.  One passenger noticed that

Waller and Devin Rouse were carrying guns, and when the driver exited the car and

[1] Bruton v. United States, 391 U.S. 123 (1968).  In Bruton, the Supreme Court "held that a criminal defendant is deprived of his right to confrontation when a nontestifying codefendant's confession names him, regardless of whether the judge has given the jury a limiting instruction."  Washington v. Sec'y Pa. Dep't of Corr., 726 F.3d 471, 475 (3d Cir. 2013).  Subsequent Supreme Court cases applying Bruton have held that redactions that allow a jury to infer that the nontestifying codefendant is implicated "violate the Confrontation Clause because they encourage jurors to speculate about the reference and are accusatory in a way similar enough to the direct implication in Bruton to merit the same result."  Id. at 476.

[2] Crawford v. Washington, 541 U.S. 36 (2004).  In Crawford, "the Supreme Court observed that, at its core, the Confrontation Clause is concerned with 'testimonial' hearsay. . . .  In subsequent decisions, the Court . . . [held] that the Confrontation Clause protects the defendant only against the introduction of testimonial hearsay statements, and that admissibility of nontestimonial hearsay is governed solely by the rules of evidence."  United States v. Berrios, 676 F.3d 118, 125-26 (3d Cir. 2012) (emphasis in original) (citation omitted).  Testimonial statements for Confrontation Clause purposes include statements a declarant made with an intent to incriminate, statements made with the anticipation that the person to whom the declarant made the statement would be called to testify, formal statements under oath, and statements made in response to law enforcement interrogation seeking information about a past event.  See Michigan v. Bryant, 131 S. Ct. 1143, 1162 (2011); Davis v. Washington, 547 U.S. 813, 822 (2006).

began to fight the man on the driver's side, Devin Rouse fired his gun three times, hitting the driver once in the back. The driver, Brian Birkelback, was pronounced dead at 12:19 AM. Waller and Devin Rouse were tried together in Pennsylvania state court on charges relating to these events. The first two trials resulted in hung juries, but the third trial, which occurred in December 2004, ended in convictions of both defendants for second-degree murder, robbery, carrying firearms without a license, and possessing instruments of crime.

The evidence presented at Waller's third trial included testimony from Tyron Rouse,[3] Devin Rouse's cousin. Tyron Rouse testified that Devin Rouse told him about the murder. Tyron Rouse's testimony about Devin Rouse's statement was redacted as follows to refer to, but not name, the other people who were present:

> Q. You indicated that Devin Rouse told you about the murder of Brian Birkelback; is that right?
> A. Yes.
> Q. How many people did he tell you went along with him?
> A. Two other people.
> Q. And did he tell you why they went out together?
> A. Yes.
> Q. What was that reason?
> A. To rob someone.

App. 84. The trial court gave a limiting instruction to the jury following Tyron Rouse's testimony and again after closing arguments, instructing the jurors not to consider any statements Devin Rouse allegedly made to Tyron Rouse against Waller.

---

[3] The record contains multiple spellings of Tyron Rouse's name (including Tyrone, Tyron, and Ty-Ron); for consistency with the spelling in Waller's brief and the District Court materials, we refer to him as Tyron Rouse.

The Pennsylvania Superior Court affirmed Waller's conviction and sentence. Commonwealth v. Waller, 902 A.2d 984 (Pa. Super. Ct. 2006) (table decision), allocatur denied, 992 A.2d 889 (Pa. 2006) (table decision). Waller next filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA"). The trial court dismissed his PCRA petition and the Superior Court affirmed the dismissal. Commonwealth v. Waller, 981 A.2d 938 (Pa. Super. Ct. 2009) (table decision), allocatur denied, 992 A.2d 889 (Pa. 2010) (table decision). Waller then filed the instant habeas petition pursuant to § 2254, arguing that his trial counsel was ineffective for "failing to further object at trial to the already-redacted statement of Devin Rouse as testified to by witness Tyron Rouse, as a violation of his confrontation rights under [Bruton]." App. 6. On April 8, 2013, the District Court adopted the Magistrate Judge's Report and Recommendation rejecting Waller's Bruton argument, dismissed Waller's habeas petition, and declined to issue a certificate of appealability ("COA"). On July 11, 2013, this Court granted Waller's request for a COA.

II

The District Court had jurisdiction under 28 U.S.C. § 2254(a). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c). See Lambert v. Blackwell, 387 F.3d 210, 230 (3d Cir. 2004). We exercise plenary review of the District Court's legal conclusions and evaluate state-court determinations under the same standard the District Court applied. Williams v. Beard, 637 F.3d 195, 204 (3d Cir. 2011). Accordingly, Waller is entitled to relief if Pennsylvania's rejection of his ineffective-assistance claim

4

was "contrary to" Supreme Court precedent such that application of that precedent "requires the contrary outcome" or if its decision was based on an "unreasonable application of" Supreme Court precedent such that "the state court's application of Supreme Court precedent was objectively unreasonable." Matteo v. Superintendent, SCI Albion, 171 F.3d 877, 888-90 (3d Cir. 1999) (en banc) (interpreting 28 U.S.C. § 2254(d)(1)). This is "a substantially higher threshold for obtaining relief than de novo review." Williams, 637 F.3d at 204 (internal quotation marks omitted). Thus, if a habeas claim is rejected on de novo review, "a habeas petitioner will not be entitled to a writ of habeas corpus . . . ." Berghuis v. Thompkins, 560 U.S. 370, 390 (2010) (citation omitted); see also Real v. Shannon, 600 F.3d 302, 308 (3d Cir. 2010) (stating that even when the Superior Court has made an error in its application of federal law, "the federal courts must review the [state] prisoner's claim de novo under the correct federal standard" to determine whether he is entitled to relief). For the reasons set forth herein, Waller's claim fails even under de novo review.[4]

---

[4] Analysis of Waller's claim under the deferential § 2254 standard produces the same result. For the reasons explained in the text, the outcome of the Pennsylvania Superior Court's ruling that no Bruton violation occurred was reasonably justifiable even though its reliance on Commonwealth v. Travers, 768 A.2d 845, 850-51 (Pa. 2001), was not. See Matteo, 171 F.3d at 890 (holding that the "unreasonable application" inquiry requires that "the state court decision . . . resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent" (emphasis added)). The Pennsylvania Superior Court, in rejecting Waller's ineffective-assistance claim, held that the redaction of Tyron Rouse's testimony was adequate under Bruton and Travers, in which the Pennsylvania Supreme Court held that replacing a nonconfessing defendant's name in a statement with a term like "the other man" or "the other guy" is sufficient under the Confrontation Clause. Travers, 768 A.2d at 850-51. Our Court has criticized

III

Waller's ineffectiveness claim is "squarely governed by" Strickland v. Washington, 466 U.S. 668 (1984), which requires a showing that: (1) counsel's conduct was deficient and fell below an objective standard of reasonableness; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Williams v. Taylor, 529 U.S. 362, 390-91 (2000) (internal quotation marks omitted). Under Strickland, both prongs must be satisfied to succeed on an ineffectiveness claim. Marshall v. Hendricks, 307 F.3d 36, 107 (3d Cir. 2002).

Waller contends that his attorney's inaction led to a violation of the Confrontation Clause. Under Bruton, to determine if there is such a violation, courts engage in a two-step process:

> First, a court should determine whether the contested statement by an out-of-court declarant qualifies as testimonial . . . . Second, . . . [i]f the absent witness's statement is testimonial, then the Confrontation Clause requires unavailability and a prior opportunity for cross-examination. . . . If the statement is nontestimonial, then admissibility is governed solely by the rules of evidence.

the holding of Travers, noting that it "came close to endorsing a bright-line rule that when terms like 'my boy,' the 'other guy,' or the 'other man' are used to substitute for an actual name in a statement admitted at trial there cannot be a Bruton violation" and holding that, although such terms will "ordinarily" comply with Bruton, they will not always suffice. Vazquez v. Wilson, 550 F.3d 270, 281-82 (3d Cir. 2008); see also Washington, 726 F.3d at 480-81; Eley v. Erickson, 712 F.3d 837, 861 (3d Cir. 2013). That said, and for different reasons, the Superior Court's conclusion that no Bruton violation occurred was correct.

6

Berrios, 676 F.3d at 127 (emphasis in original) (internal quotation marks, citation, and footnote omitted).

With respect to the first consideration, because "Bruton is no more than a by-product of the Confrontation Clause," it is only applicable where the Confrontation Clause applies—that is, to statements that are "testimonial" under Crawford. Berrios, 676 F.3d at 128.[5] "Testimonial" statements under the Confrontation Clause are those made by "witnesses" who "bear testimony," such as by making a "formal statement to government officers," and are not statements made casually to acquaintances. Crawford, 541 U.S. at 51-52; see also Bryant, 131 S. Ct. at 1162; Davis, 547 U.S. at 822. Devin Rouse's statement to his cousin Tyron Rouse explaining that he had recently been involved in a crime is plainly nontestimonial under Crawford. For example, "[t]here [was] no indication that [Devin Rouse] held the objective of incriminating any of the defendants at trial when" he spoke with Tyron Rouse. Berrios, 676 F.3d at 128. Moreover, "there [was] no indication that the[] conversation consisted of anything but casual remarks to an acquaintance . . . ." Id. (internal quotation marks and alteration omitted). Because Devin Rouse's statements were not testimonial under Crawford, the Confrontation Clause and Bruton are not violated by their admission at trial. Thus, any Confrontation Clause challenge to this evidence is meritless and Waller's trial counsel

_____

[5] Waller relies on this Court's subsequent decision in Eley, arguing that it applied Bruton under very similar circumstances and resulted in a grant of habeas relief. Eley does not control the outcome here, as the parties in Eley did not mention, and the Eley Court did not consider or rule on, the Crawford issue.

could not have been ineffective under <u>Strickland</u> for failing to raise it.  <u>See</u> <u>United States v. Sanders</u>, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

IV

For the foregoing reasons, we will affirm the District Court's denial of Waller's habeas petition.