PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3118
_____

EDWARD MITCHELL,

Appellant

v.

SUPERINTENDENT DALLAS SCI;
ATTORNEY GENERAL PENNSYLVANIA;
DISTRICT ATTORNEY DAUPHIN COUNTY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-09-cv-02548)
Honorable Yvette Kane, District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 11, 2018

BEFORE:  CHAGARES, GREENBERG, and FUENTES,
Circuit Judges

(Filed: August 23, 2018)
_____

Heidi R. Freese, Esq.
Federal Public Defender
Middle District of Pennsylvania
Frederick W. Ulrich, Esq.
Asst. Federal Public Defender
Tammy L. Taylor, Esq.
Staff Attorney
100 Chestnut Street, Suite 306
Harrisburg, PA 17101

    *Attorneys for Appellant*

Francis T. Chardo, Esq.
Ryan H. Lysaght, Esq.
Dauphin County Office of District Attorney
Dauphin County Courthouse
101 Market Street
Harrisburg, PA 17101

    *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

## I. INTRODUCTION

Edward Mitchell, a prisoner in the custody of the Commonwealth of Pennsylvania, appeals from an order denying his petition for a writ of habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. See Mitchell v. Walsh, No. 1:09-cv-02548, 2017 WL 3725503 (M.D. Pa. Aug. 29, 2017). Mitchell currently is serving a sentence of life imprisonment following his convictions at a joint trial with Karim Eley and Lester Eiland in a Pennsylvania state court in 2001 for various offenses arising from a robbery and a murder. Mitchell seeks relief on the grounds that the admission at the trial of testimony of jailhouse informants setting forth his co-defendant Lester Eiland's out-of-court jailhouse statements violated his rights under the Confrontation Clause of the Sixth Amendment. The District Court in the habeas corpus proceedings concluded that Eiland's statements to the informants were nontestimonial as recognized by Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354 (2004), and therefore their inclusion in testimony at the trial did not violate his Confrontation Clause rights even though he could not cross-examine Eiland regarding the statements.

Mitchell has argued and continues to argue that the District Court erred by applying Crawford because the AEDPA requires assessment of whether a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), and the Supreme Court decided Crawford on March 8, 2004, after his trial and after the Superior Court of Pennsylvania affirmed his

3

conviction on direct appeal on September 22, 2003, in the last state court proceeding dealing with the Sixth Amendment issue. Consequently, he points out that the Crawford principles were not "clearly established" at the time the state courts were considering the Sixth Amendment issue. Mitchell contends that even if admission of the challenged statements would not create a Confrontation Clause issue in a trial held today, he is entitled to habeas corpus relief because, prior to Crawford, when his case was being tried and was on direct appeal, the Confrontation Clause would have been applied to bar the jailhouse testimony with respect to Eiland's statements.

We have concluded that Mitchell, by focusing narrowly on the "clearly established Federal law" language of 28 U.S.C. 2254(d)(1) and by relying on the law in effect at the time of his trial and appeal, misstates the standard applicable to habeas corpus review of a state court conviction in the federal courts. Congress in section 2254(d) has made it a necessary, but not a sufficient, condition for granting habeas corpus relief to a state prisoner that a state court's decision leading to his custody was contrary to, or unreasonably applied, clearly established federal law at the time that the state court made its decision. But even if a petitioner in state custody makes that showing he has satisfied only one requirement for the granting of his petition because the AEDPA allows relief to be granted "only on the ground that [a prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). Accordingly, notwithstanding a state court's misapplication of federal law at trial a prisoner is not necessarily entitled to relief in the light of "the longstanding rule that federal courts will not entertain habeas petitions to correct errors that do not undermine the lawfulness of a petitioner's

4

detention." Bronshtein v. Horn, 404 F.3d 700, 724 (3d Cir. 2005). For the reasons we set forth below, we conclude that Mitchell is not in custody pursuant to what is now recognized as a violation of the Sixth Amendment attributable to the testimony at the trial of the jailhouse informants which set forth Eiland's statements and therefore we will affirm the order of August 29, 2017, denying Mitchell's petition for a writ of habeas corpus.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2001, at the joint trial of Mitchell and his two co-defendants, Eley and Eiland, a jury convicted Mitchell of second-degree murder, robbery, and conspiracy to commit robbery in the July 2000 shooting death of Angel DeJesus, a taxi driver, in Harrisburg, Pennsylvania. See Commonwealth v. Mitchell, No. 782-2014, 2015 WL 7726738, at *1-2 (Pa. Super. Ct. Jan. 12, 2015). Prior to the trial, Mitchell and Eley filed unsuccessful motions to have their cases severed from those of the other defendants and thus the trial was of all three defendants.

After extensive but ultimately unsuccessful state court proceedings, Mitchell filed a petition for a writ of habeas corpus in the District Court under 28 U.S.C. § 2254 on December 28, 2009, which he amended on October 19, 2010.[1] Mitchell's amended petition advanced three grounds for relief: (1) the state trial court's charge on reasonable doubt was constitutionally defective; (2) the introduction of the informants' testimony

---

[1] The federal habeas corpus proceedings were prolonged by orders staying proceedings on Mitchell's petition while his state post-conviction relief applications were pending.

describing non-testifying co-defendant Eiland's out-of-court statements violated Mitchell's rights under the Confrontation Clause; and (3) the trial court deprived Mitchell of due process of law when it denied his claim of actual innocence. At this time, however, Mitchell limits his claim to the Confrontation Clause issue and thus we do not address the other issues he set forth in his petition.

Mitchell argues that the testimony at the trial of two jailhouse informants, Matthew LeVan and Steven Taylor, violated his constitutional rights because they testified as to Eiland's out-of-court statements that implicated Mitchell in the offenses and Mitchell did not have the opportunity to confront Eiland regarding those statements. Though Eiland's statements did not mention Mitchell by name, Mitchell contends that in the context of the joint trial Eiland's statements implicated him in the robbery and murder. Specifically, LeVan testified as follows:

> Q. Now, if you can, describe for the jury the conversation you had with Lester Eiland while you were in the jail cell playing cards.
>
> A. He said about the sawed-off shotgun was used and a .380 pistol, and there was two other guns used and one was hidden in a brick close to where it happened at.
> Q. Did he say what kind of crime it was?
> A. Homicide
> Q. Or began as?
> A. Homicide—no, it was a robbery.
> Q. Did he say what happened?

6

A. He said they—they, as in whoever was with him—he didn't say the names of those people—when he went up to them, it was supposed to be a robbery, and he was—he's the one that shot him, but he didn't mean to do it. It was the other two's idea or something like that, in that sense.

App. 225.

Taylor testified, referring to the substance of Eiland's statements, that "they were there to rob a cab driver, and I guess with different things you did or whatnot during the evening, somewhere, somehow, something went wrong and whatnot. Somebody ended up dead from that." App. 239.

Mitchell claims that these jailhouse witnesses' references to "they" and the murder being "the other two's idea" tied him to the robbery and provided key evidence to establish his culpability for the offenses. Mitchell argues that the failure to exclude or properly redact the references to his involvement in the offenses from the co-defendant's statements to which the informants referred violated his confrontation rights as recognized in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620 (1968), Richardson v. Marsh, 481 U.S. 200, 107 S.Ct. 1702 (1987), and Gray v. Maryland, 523 U.S. 185, 118 S.Ct. 1151 (1998). He unsuccessfully raised this claim on direct appeal in the Superior Court of Pennsylvania where he also unsuccessfully challenged the trial court's order denying his pretrial motion to sever his trial from that of his co-defendants. See Commonwealth v. Mitchell, No. 1658 MDA 2001, slip op.

7

at 6 (Pa. Super. Ct. Sept. 22, 2003).[2]

Mitchell understandably relies on our decision in Eley v. Erickson, 712 F.3d 837 (3d Cir. 2013), in which we granted habeas corpus relief to his co-defendant, Kariem Eley, whom the jury also convicted at the joint trial. We granted Eley's petition because we believed that there had been a Bruton violation in his case by reason of the admission of testimony describing Eiland's statements at the trial. In Eley, we held that the state court's order denying a motion to sever the trials was contrary to federal law clearly established by Bruton, Richardson, and Gray, Supreme Court's precedent on the Confrontation Clause. 712 F.3d at 859. Focusing in particular on Eiland's statement that it was "the other two" defendants who had the "idea" to rob the victim, in Eley we explained:

> Although we are mindful of the deference that we owe to the Commonwealth's courts, we are constrained to conclude that fairminded jurists could not disagree that the Superior Court's decision is inconsistent with Richardson and Gray. We have no doubt that the jury inferred, on the basis of Eiland's confession alone, that Eley was one of 'the other two' whose 'idea' it was to rob DeJesus. . . . Indeed, a juror who wondered to whom 'the other two' referred . . . 'need[ed] only

---

[2] The Pennsylvania Supreme Court denied Mitchell's petition for review of the Superior Court decision on June 29, 2014. The Pennsylvania courts subsequently have denied four separate petitions for post-conviction relief that Mitchell has filed. But none of the state post-conviction proceedings addressed the Confrontation Clause issue presented here.

> lift his eyes to [Eley and Mitchell], sitting at counsel table, to find what ... seem[ed] the obvious answer,' Gray, 523 U.S. at 193, 118 S.Ct. 1151.

Id. at 859 (alterations in original).

Mitchell has argued in these habeas corpus proceedings that our holding in Eley that the introduction of testimony making reference to Eiland's statements was unconstitutional applies with the same force here and therefore on that basis he is entitled to habeas corpus relief.

The District Court referred Mitchell's petition to a magistrate judge for a report and recommendation which she issued on December 12, 2016, recommending that the Court deny Mitchell's petition. Mitchell filed objections to the report and recommendation but the Court overruled the objections by adopting the report and recommendation on August 29, 2017, in a memorandum opinion. The Court concluded that, even assuming Mitchell could make the threshold showing under 28 U.S.C. § 2254(d)(1) that the state court's denial of his Confrontation Clause claim was "contrary to, or involved an unreasonable application of, clearly established Federal law" under Bruton, he was not entitled to relief because the Sixth Amendment law had evolved in Crawford after his trial and there had not been a Confrontation Clause violation under the updated standards.[3]

---

[3] The Commonwealth initially argued that Mitchell had not exhausted his Confrontation Clause claim in the state courts, as required to proceed under 28 U.S.C. § 2254. However, by the time the magistrate judge had made her report and

9

The germane development of the law in Crawford was that the Sixth Amendment Confrontation Clause was recognized as guarding against testimonial statements made by an individual in anticipation that the person to whom he makes the statements will be called as a witness as well as formal statements made under oath and statements made to law enforcement officers seeking information about past events. After the District Court denied his petition, Mitchell, to whom that Court granted a certificate of appealability, filed this timely appeal challenging the application of Crawford to his Confrontation Clause claim.

## III. STATEMENT OF JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction over Mitchell's petition for a writ of habeas corpus under 28 U.S.C. §§ 2254 and 2241. We have jurisdiction over this appeal from the denial of an application for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1291 and 2253. Inasmuch as the Court did not hold an evidentiary hearing on Mitchell's petition, our review is plenary. Lewis v. Horn, 581 F.3d 92, 100 (3d Cir. 2009).

The AEDPA imposes a "highly deferential standard" on federal habeas corpus review of state court proceedings. That standard "demands that [such] decisions be given the benefit of

recommendation, the Commonwealth had conceded that the exhaustion requirement had been satisfied with respect to the Confrontation Clause claim and that the claim was therefore not procedurally defaulted. See App. 961, 979.

10

the doubt." Renico v. Lett, 559 U.S. 766, 773, 130 S.Ct. 1855, 1862 (2010). A federal court cannot grant habeas relief based on a claim that was "adjudicated on the merits" in a state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## IV. DISCUSSION

As was the District Court, we are satisfied that Mitchell established that the Pennsylvania Superior Court, in the last state court decision to address the Sixth Amendment issue, unreasonably applied what was then clearly established federal law when it upheld the trial court's ruling refusing to sever Mitchell's trial from that of the other defendants before admitting the testimony referencing Eiland's out-of-court statements that implicated Mitchell in the offenses. Indeed, in Eley we considered these statements and their effect on Eley, who was in Mitchell's position, and concluded that the admission of the statements violated the Confrontation Clause and that the error "substantially influenced the jury's verdict." Eley, 712 F.3d at 861 (citing Bruton, 391 U.S. at 129, 88 S.Ct. at 1624). Thus the admission of the testimony was not a small matter. But the question that we now must address is different for it is whether the District Court in considering the habeas corpus petition correctly considered case law authority subsequent to that on which we relied in Eley in considering whether Mitchell was "in custody in violation of the

11

Constitution or laws or treaties of the United States" under 28 U.S.C. § 2254(a).  That recent authority is Crawford and our decision in United States v. Berrios, 676 F.3d 118 (3d Cir. 2012), in neither of which we discussed Eley.

There is no doubt but that if a habeas corpus petitioner shows that a state court decision leading to his custody was contrary to, or an unreasonable application of, clearly established federal law under 28 U.S.C. § 2254(d), he often will be entitled to relief, though not "always and automatically." Mosley v. Atchison, 689 F.3d 838, 853 (7th Cir. 2012).  While it is necessary for a state prisoner to satisfy § 2254(d) to make a successful habeas corpus claim, he cannot obtain habeas corpus relief unless he also makes a showing under § 2254(a) that he is being held in custody in violation of the Constitution, laws, or treaties of the United States.  Id.  "[Section] 2254 relief thus is available only to state prisoners who currently are being held in violation of an existing constitutional right, not to inmates who at one point might have been able to show that [under] a since-overruled Supreme Court or lower court precedent [they] would have [been entitled to] relief." Desai v. Booker, 538 F.3d 424, 428 (6th Cir. 2008); see also Dennis v. Sec'y, Pennsylvania Dep't of Corr., 834 F.3d 263, 349 n.6 (3d Cir. 2016) (Jordan, J., concurring) (explaining importance of "understand[ing] the interplay between §§ 2254(a) and 2254(d)").

This case involves the evolution of the law inasmuch as regardless of what happened at his trial or the state of the law at that time, Mitchell is unable to show that he is being held in violation of an existing right by reason of the informants' testimony.  In Crawford, the Supreme Court explained that the "primary object" of the Confrontation Clause is to protect defendants from testimonial hearsay, including statements taken

12

by law enforcement from witnesses against the accused. 541 U.S. at 53, 124 S. Ct. at 1365. We have made clear that the Supreme Court, building on Crawford, has gone on to hold "that the Confrontation Clause protects the defendant only against the introduction of testimonial hearsay statements, and that admissibility of nontestimonial hearsay is governed solely by the rules of evidence." Berrios, 676 F.3d at 126 (emphasis in original) (citing Davis v. Washington, 547 U.S. 813, 823–24, 126 S. Ct. 2266, 2274 (2006), Michigan v. Bryant, 562 U.S. 344, 352-53, 131 S.Ct. 1143, 1152–53 (2011), and Whorton v. Bockting, 549 U.S. 406, 419–20, 127 S.Ct. 1173, 1182-83 (2007)).

In Berrios, we declined to apply the Confrontation Clause to bar introduction of jailhouse testimony not unlike the testimony with respect to Eiland's statements involved in this case because in light of the developing Supreme Court jurisprudence we indicated that "where nontestimonial hearsay is concerned, the Confrontation Clause has no role to play in determining the admissibility of a declarant's statement." 676 F.3d at 126.[4] Though in some circumstances it might not be

---

[4] Mitchell argues that application of Crawford and its progeny to his petition violates the antiretroactivity principles of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060 (1989). But Teague does not affect our analysis for two reasons: First, Mitchell has not challenged the District Court's observation that Crawford was decided before his conviction became final for purposes of a Teague analysis, and thus it would not be necessary to apply Crawford retroactively to consider its impact on his Confrontation Clause claim. See Mitchell, 2017 WL 3725503, at *5. Second, Teague bars application of new rules of criminal procedure to collaterally attack convictions in state courts, but

clear if a statement is testimonial or nontestimonial for Crawford purposes this is not such a case because Mitchell concedes, correctly, that Eiland's statements were not testimonial.

Berrios and the Supreme Court precedent on which it relies foreclose Mitchell's claim for relief. Even if Mitchell shows that the Pennsylvania Superior Court's decision affirming his conviction was contrary to what was clearly established Federal law at the time the court made the decision, that showing alone would not entitle him to habeas corpus relief because he also must show that his confinement violates the Constitution, laws, or treaties of the United States, see 28 U.S.C. § 2254(a), a determination that takes into account all relevant precedent. In this regard, notwithstanding Eley we are obliged to consider Crawford because it is a relevant precedent and the respondent squarely has raised the case even though we did not

has no relevance where consideration of a new rule leads to rejection of a habeas corpus claim. In such a case, considering the new rule and refusing to upend a conviction based on prior standards serves the very aims of finality and repose that the Teague rule safeguards. See Lockhart v. Fretwell, 506 U.S. 364, 373, 113 S. Ct. 838, 844 (1993); Flamer v. State of Del., 68 F.3d 710, 725 n.14 (3d Cir. 1995) ("Teague only applies to a change in the law that favors criminal defendants.") (emphasis in original). Cf. United States v. Peppers, 2018 WL 382713, at *13 (3d Cir., Aug. 13, 2018) (holding that, for purposes of applying the categorical approach to assess prior convictions, post-sentencing Supreme Court precedent explaining the Armed Career Criminal Act can be considered once an applicant for post-conviction relief has satisfied the gatekeeping requirements of AEDPA codified at 28 U.S.C. § 2255(h)).

14

discuss Crawford when we granted relief to Eley.[5]

It is appropriate to rely on current constitutional standards in evaluating a habeas corpus petition because, "as a practical matter, correcting violations of extant constitutional standards is all that the statute ever could meaningfully require of a state – at least when it comes to a constitutional challenge to the admission of evidence." Desai, 538 F.3d at 428. It would be anomalous to grant habeas corpus relief to Mitchell because of the introduction of evidence that would be admissible under current constitutional standards at a retrial notwithstanding the previous Confrontation Clause error. After all, if we granted the petition we would do so subject to the condition that the prosecution at its option could retry Mitchell. See Eley, 712 F.3d at 862.[6]

## V. CONCLUSION

We sum up by saying that inasmuch as under Crawford, there was not a violation of the Confrontation Clause due to the admission of the informants' testimony with respect to Eiland's statements Mitchell is not being held in custody in violation of

---

[5] In similar circumstances, we already have noted that Eley is not dispositive of whether Crawford applies to bar relief because "the parties in Eley did not mention, and the Eley Court did not consider or rule on, the Crawford issue." Waller v. Varano, 562 F. App'x 91, 95 n.5 (3d Cir. 2014).

[6] Sometimes when habeas corpus relief is granted it may not be permissible to retry the petitioner. But we see no reason why if we were reversing on the Confrontation Clause issue the case would come within that category. See Burks v. United States, 437 U.S. 1, 16-18, 98 S.Ct. 2141, 2150-51 (1978).

15

the Constitution laws, or treaties of the United States and accordingly he is not entitled to a writ of habeas corpus. Therefore, we will affirm the order entered on August 29, 2017, denying Mitchell's petition for habeas corpus.